UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SNYDER CORP., et al.,

                          Plaintiffs,

v.

FITNESS RIDGE WORLDWIDE, LLC, et al.,

                          Defendants.

Case #18-CV-351-FPG

DECISION AND ORDER
&
ORDER TO SHOW CAUSE

## INTRODUCTION

On March 16, 2018, Defendants[1] filed a Notice of Removal purporting to remove this case from the Supreme Court of the State of New York, County of Wyoming, and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* ECF No. 1. Plaintiffs[2] initiated the case in state court by filing for a temporary restraining order ("TRO") and preliminary injunction. Defendants also moved to seal the case pursuant to the state court order. *See* ECF No. 3.

## DISCUSSION

### I.    Motion to Seal

"Removed proceedings arrive in federal court in the procedural posture they had in state court." *Taylor v. Taylor*, No. 3:12–CV–0037 (LEK/DEP), 2013 WL 1183290, at *1 (N.D.N.Y. Mar. 21, 2013) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 108 (2d Cir. 2006)). "Upon removal, the orders entered by the state court are treated as though they have been entered by the federal court." *Nasso v. Seagal*, 263 F. Supp. 2d 596, 608 (E.D.N.Y. 2002); *see also In re Diet Drugs*, 282 F.3d 220, 231-32 (3d Cir. 2002) ("After removal, interlocutory orders of the state court

---

[1] Fitness Ridge Worldwide, LLC, Fitness Ridge, LLC, John Doe Corp., Lawrence S. Bond, Lesley A. Carey, David M. Marshall, Kenneth M. Pressberg, Ari D. Bass, Roger W. Bulloch, Scott R. Bulloch, Matthew S. Hagler, and "John Doe #1" through "John Doe #5." The last five names are fictitious and unknown to the Plaintiffs and are intended as persons or parties that are members, managers, and/or officers of Defendants.

[2] Snyder Corp., Beaver Hollow Wellness LLC, and FRW Beaver Hollow Management, LLC.

are transformed into orders of the court to which the case is removed."); *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992) ("A prior state court order in essence is federalized when the action is removed to federal court."); *Preseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir.1979) ("[T]he federal court . . . treats everything that occurred in the state court as if it had taken place in federal court.") (internal quotation marks omitted).

Here, the state court entered an order sealing the docket, except any orders, on March 9, 2018. When Defendants removed the case to this Court, all orders entered by the state court, including the order to seal the docket, were "transformed" into orders of this Court. Consequently, the order to seal is currently in place and Defendants' motion to seal is DENIED AS MOOT.

## II. Subject Matter Jurisdiction

It is well settled that a federal district court is one "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). As relevant here, Congress has granted federal district courts with original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Although neither party has questioned whether this Court has jurisdiction over this case, the Second Circuit and the Supreme Court have "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (citations omitted). This is because, unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court. *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

### a. Diversity of Citizenship

The party asserting jurisdiction must establish it "affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

When establishing diversity of citizenship for a limited liability company, the party asserting jurisdiction must identify every member and specify the citizenship of each member. *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651(JPO), 2012 WL 6135020, at *1 (S.D.N.Y. Dec. 6, 2012); *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

Here, Defendants have failed to identify every partner of Plaintiffs Beaver Hollow Wellness LLC and FRW Beaver Hollow Management, LLC, and to specify the citizenship of each partner. In their Notice of Removal, Defendants state that the "names and residences of the members of Beaver Hollow Wellness and Beaver Hollow Management are not identified in the State Court Complaint, and are not publicly available." ECF No. 1 at 3. Defendants' counsel was

3

unable to "obtain evidence of the identities" of the members of both entities after a diligent search of public records, but concludes that the members are all citizens of New York based on an affidavit Plaintiffs filed in state court. *Id.*

Defendants have not met their burden. Defendants are required by law to affirmatively identify every member of Beaver Hollow Wellness and Beaver Hollow Management, and specify the citizenship of each member. *See Dumann Realty, LLC*, 2012 WL 6135020, at *1. Defendants do claim, "upon information and belief," that the members of Beaver Hollow Wellness and Beaver Hollow Management are New York citizens. ECF No. 1 at 3. Defendants are required, however, to affirmatively state the identity and citizenship of all members of both entities. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Defendants also claim, upon information and belief, that none of the members of either entity are citizens of the same states as Defendants and their members. ECF No. 1 at 3. This too is insufficient to establish diversity. *Tschakert v. Hart Energy Publ'g, LLLP*, Civil No. 10CV2598-L(WMC), 2011 WL 52598, at *1 (S.D. Cal. Jan. 6, 2011) ("Plaintiff alleges in a conclusory manner that each of the members is not a Massachusetts citizen, and therefore not a citizen of Plaintiff's state. In the absence of stating the citizenship of each member of these Defendants, Plaintiff failed to adequately allege citizenship.") Consequently, Defendants have failed to establish diversity of citizenship between Plaintiffs and Defendants.

    **b.**    **Amount in Controversy**

The removing party bears the burden of proving "to a reasonable probability" that the amount in controversy is over $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

When evaluating whether a defendant has established the amount in controversy, the Court must first look to the pleadings and the petition for removal to determine if the plaintiff has made a sufficient demand for relief. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). If so, the Court must view plaintiff's demand as one taken in good faith unless it appears to a "legal certainty" that that claim is less than $75,000. *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85 (2d Cir. 2012) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Additionally, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (citing *Wolde–Meskel*, 166 F.3d at 63). "If neither the pleadings nor the petition for removal contain a demand for relief, the Court may look outside the pleadings to determine whether the amount in controversy exceeds $75,000. *Yong Qin Luo*, 625 F.3d at 775.

Here, Defendants have failed to demonstrate to a "reasonable probability" that the amount in controversy exceeds $75,000. The Complaint contains no specific demand for relief. It contains only demands for "monetary damages" in an "amount to be determined by the Court." Complaint at 27, 29-30, 35, 37-41.[3] The Complaint does contain a list of possible damages[4] meant to persuade the state court to issue a TRO preventing Defendants from terminating agreements in place between them and Plaintiffs. Complaint at 22. These possible damages, however, are not connected to the seven causes of action that seek monetary damages listed in the Complaint. Indeed, these seven causes of action—a violation of New York's Franchise Act, breach of contract, tortious interference, unjust enrichment, fraud, negligent misrepresentation, and conspiracy to

---

[3] The Complaint, originally filed by Plaintiffs in state court, is not currently on the docket. Defendants' counsel provided the Court with a copy of the Complaint incident to its removal and Motion to Seal.

[4] The possible damages include construction and renovation costs approximating $8 million, $1.65 million in royalties, and $1.5 million in additional fees and expenses.

commit tortious interference and fraud—are not connected to the construction and renovation costs alleged, and may only involve a fraction of the amount paid in royalties, additional fees, and expenses.

Looking outside of the Complaint, Defendants still have not met their burden. The only document that addresses damages is an affidavit[5] sworn to by Paul Snyder, CEO of Plaintiff Snyder Corp., filed in support of Plaintiffs' motion for a TRO filed in state court. The affidavit lists the same damages listed in the Complaint and alleges that Plaintiffs have lost $1 million in revenue because they were not able to hold weddings on Beaver Hollow's property due to restrictions Defendants imposed. Affidavit, ¶ 92. Again, these damages are not connected to the seven causes of action alleging monetary damages in the Complaint. There is simply no basis for the Court to conclude that Defendants have established the amount in controversy to a reasonable probability. Accordingly, Defendants have failed to meet their burden.

## III. Temporary Restraining Order

On March 9, 2018, the Supreme Court of the State of New York, County of Wyoming, entered a TRO enjoining Defendants from, among other things, terminating agreements currently in place with Plaintiffs. Order to Show Cause at 6.[6] Once Defendants removed this case to federal court, the TRO was "transformed" into an order issued by this Court subject to federal rules. *See Nasso*, 263 F. Supp. 2d at 608. Moreover, the case now has the same procedural posture that it had in state court. *Taylor*, 2013 WL 1183290, at *1 (quoting *D.H. Blair & Co.*, 462 F.3d at 108). Consequently, as the case currently stands, there has been a TRO in effect for 13 days.

---

[5] The Affidavit was also provided to the Court by Defendants' counsel and is not yet on the docket.

[6] The Order to Show Cause was also provided to the Court by Defendants' counsel and is not yet on the docket.

6

Federal Rule of Civil Procedure 65(b)(2) mandates that any TRO entered by a federal court shall "not exceed 14 days," and that the Court can only extend it for a "like period" for good cause. The Court must enter the reasons for an extension on the record.

Here, the Court finds good cause to extend the TRO for an additional 14 days while Defendants attempt to establish subject matter jurisdiction. The extension maintains the findings of the state court, preventing irreparable harm to Plaintiffs, while giving Defendants time to establish subject matter jurisdiction so that they may thereafter challenge the TRO.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal, ECF No. 3, is DENIED AS MOOT, and the Clerk of Court is directed to seal the docket, including all Court records and any other papers, pleadings, transcripts, exhibits, documents, or material submitted to the Court, including all duplicates and copies thereof, and any responding or reply papers, except for any Orders. The documents listed may not be made available to any person.

Defendants are further ordered to show cause in writing and by April 5, 2018, why this case should not be remanded to the Supreme Court of the State of New York, County of Wyoming, for lack of subject matter jurisdiction.

Finally, the TRO is extended until April 5, 2018.

IT IS SO ORDERED.

Dated: March 22, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court